978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ronald Joseph MARINO, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-1770.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 16, 1992.
Filed: November 2, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald Joseph Marino, a former federal inmate, appeals from the district court's[1] disposition of his negligence action under the Federal Tort Claims Act (FTCA) by partial grant of summary judgment to the Government and partial dismissal without prejudice. We affirm.
 
 
 2
 During Marino's incarceration at the Federal Correctional Institution at Sandstone, Minnesota, he fell while descending from the upper bunk of a bunk bed and suffered injuries to his back and left leg. Marino had used a steel chair and locker to assist his descent. Marino claimed that Government employees were negligent in not providing a ladder or other safety device to assist him in descending from the bunk, and in requiring him to keep his floor waxed. Marino also claimed that a Government physician was negligent in assigning him to full work duty after the accident; he alleged that, while operating a road grader, he hit a large bump and exacerbated his injuries.
 
 
 3
 We conclude that the district court did not err in granting partial summary judgment to the Government on the claim based on Marino's fall. The FTCA covers injuries
 
 
 4
 caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 5
 28 U.S.C. § 1346(b). Although no Minnesota case addresses this type of incident in a prison context, the Minnesota Supreme Court has held in an analogous case that a hospital owes no duty to protect a patient from falling out of bed unless the patient's mental and physical condition puts the hospital on notice that protective measures are needed. Quick v. Benedictine Sisters Hospital Ass'n, 102 N.W.2d 36, 43-44 (Minn. 1960). The Government supported its summary judgment motion with excerpts of Marino's deposition testimony that reflect that he did not have any impairments which would affect his use of an upper bunk and that he did not notify Government employees of any such impairments.
 
 
 6
 To the extent that Marino attempted to state a claim of medical malpractice for his assignment to full work duty, we agree with the district court that he failed to exhaust this claim administratively; therefore, the district court correctly dismissed that claim without prejudice. See 28 U.S.C. § 2675(a) (no FTCA action shall be instituted unless claimant first presented claim to appropriate agency).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Edward J. Devitt, late a Senior United States District Judge for the District of Minnesota